UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY BATES,

       Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No. 25-1277 (ABJ)

**ANSWER[1]**

The United States Department of Justice ("Defendant" or "Department"), through undersigned counsel, hereby answers Jeremy Bates's ("Plaintiff's") complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

---

[1]    For ease of reference, Defendant's Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

**JURISDICTION AND VENUE**

1. This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction subject to the terms, conditions, and limitations of FOIA.

2. This paragraph consists of Plaintiff's legal conclusions regarding venue to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district.

**PARTIES**

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. This paragraph consists of factual allegations which are unrelated to Plaintiff's legal claims against Defendant under the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize the claims in a lawsuit filed in the U.S. District Court for the Southern District of New York. Defendant respectfully refers the Court to the referenced lawsuit referenced in this paragraph for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

5. This paragraph consists of factual allegations which are unrelated to Plaintiff's legal claims against Defendant under the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize the procedural posture of a lawsuit filed in the U.S. District Court for the Southern District of New York, and a related Second Circuit appeal. Defendant respectfully refers the Court to the public dockets of the referenced lawsuit and the appeal

therefrom for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

6. This paragraph consists of factual allegations which are unrelated to Plaintiff's legal claims against Defendant under the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize a petition for certiorari. Defendant respectfully refers the Court to the referenced petition for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

7. This paragraph consists of factual allegations which are unrelated to Plaintiff's legal claims against Defendant under the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize a filing on the publicly available Supreme Court docket. Defendant respectfully refers the Court to the referenced docket for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

8. This paragraph consists of factual allegations which are unrelated to Plaintiff's legal claims against Defendant under the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is deemed required, Defendant avers that the allegations in this paragraph purport to characterize a filing on the publicly available Supreme Court docket. Defendant respectfully refers the Court to the referenced docket for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

9. This paragraph consists of Plaintiff's characterization of the purpose of his FOIA request, to which no response is required. Defendant avers that the FOIA request speaks for itself,

3

and respectfully refers the Court to the request for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

10.    This paragraph consists of Plaintiff's characterization of the purpose of his FOIA request, to which no response is required. Defendant avers that the FOIA request speaks for itself, and respectfully refers the Court to the request for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

11.    Defendant admits the allegations in this paragraph.

12.    Defendant admits the allegations in this paragraph.

13.    This paragraph consists of a legal conclusion to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

**FACTS**

14.    Defendant admits that Plaintiff submitted a FOIA request on November 29, 2024. Defendant avers that the FOIA request speaks for itself, and respectfully refers the Court to the request for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

15.    Defendant admits that it transmitted a letter to Plaintiff acknowledging the request on December 12, 2024. Defendant avers that that letter speaks for itself, and respectfully refers the Court to the request for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

16.    The allegations in this paragraph purport to characterize Defendant's December 12, 2024, acknowledgement letter. Defendant avers that that letter speaks for itself, and respectfully refers the Court to the request for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

17.    Defendant admits the allegations in this paragraph.

4

18.     Defendant admits the allegations in this paragraph.

19.     Defendant admits the allegations in this paragraph.

20.     Defendant admits the allegations in this paragraph.

21.     Defendant admits the allegations in this paragraph.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.     This paragraph consists of a legal conclusion to which no response is required. If a response is required, Defendant denies the allegations.

COUNT ONE

25.     Defendant incorporates and re-alleges its response to the prior paragraphs.

26.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

REQUEST FOR RELIEF

The remaining paragraphs contain Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in the prayer for relief and further avers that Plaintiff is not entitled to the requested relief or to any relief whatsoever.

DEFENSES

1.     Plaintiff is not entitled to compel the production of any records exempt from disclosure by one or more exemptions to FOIA.

2.      This Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by FOIA.

3.      Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

4.      To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

Date:   July 30, 2025
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    _____/s/ Sam Escher_____
       SAM ESCHER, D.C. Bar #1655538
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2531
       Sam.Escher@usdoj.gov

*Attorneys for the United States of America*

6