UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEREMY BATES,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Civil Action No. 25-1277 (ABJ) |

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, U.S. Department of Justice (the "Department") respectfully moves for summary judgment in this Freedom of Information Act case brought by Plaintiff Jeremy Bates. As explained in the accompanying brief and supporting materials, the Department conducted a reasonable search and found no records, nor is there any indication that the records exist; therefore, the Department is entitled to summary judgment.  A proposed order is attached.

Dated: February 25, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


*/s/ Rashad Hussain*
RASHAD HUSSAIN
D.C. Bar # 985178
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7725
Rashad.Hussain@usdoj.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY BATES,

*Plaintiff,*

v.

U.S. DEPARTMENT OF JUSTICE,

*Defendant.*

Civil Action No. 25-1277 (ABJ)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant U.S. Department of Justice (the "Department), by and through the undersigned counsel, respectfully submits this memorandum of points and authorities in support of Defendant's motion for summary judgment.

## INTRODUCTION

Plaintiff Jeremy Bates ("Plaintiff") submitted a Freedom of Information Act ("FOIA") request seeking "[a]ny OLC opinion written after January 1, 2020, that discusses whether the President of the United States (i) is a fiduciary or (ii) owes fiduciary duties." As explained further below, the Department searched all the likely locations for the responsive records, but it found no responsive records. Further, there is no indication that the requested records ever existed. Despite having located no records, the Department's search was reasonably calculated to locate all responsive documents; therefore, the Department has fully complied with its obligations under FOIA, and the Court should enter summary judgment in its favor.

**BACKGROUND**

On November 29, 2024, Plaintiff submitted to the Department's Office of Legal Counsel ("OLC") a FOIA request for "[a]ny OLC opinion written after January 1, 2020, that discusses whether the President of the United States (i) is a fiduciary or (ii) owes fiduciary duties." *See* Compl. ¶ 14; ECF No. 1.  Defendant assigned the request tracking number FY25-061.  *See Declaration of Jared Kaprove* ("Kaprove Delc.") ¶ 7.

On April 25, 2025, Plaintiff filed his Complaint and Defendant answered on July 30, 2025. *See* ECF Nos. 1, 10, Complaint and Answer.  On September 5, 2025, OLC sent Plaintiff a letter informing Plaintiff that a reasonable search was conducted, and no records were found.  *See* Kaprove Decl. ¶ 8.  The Department now moves for summary judgment because it performed a reasonable search, and it located no records.

**LEGAL STANDARD**

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  It is up to the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  A genuine issue is one that "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment."  *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of*

*Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (quoting *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)).  A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).  "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)).  A plaintiff "cannot rebut the good faith presumption" afforded to an agency's supporting affidavits "through purely speculative claims about the existence and discoverability of other documents."  *Brown v. Dep't of Just.*, 742 F. Supp. 2d 126, 129 (D.D.C. 2010).

## ARGUMENT

The Department fulfilled its obligation to search for records responsive to Plaintiff's FOIA request.  Under FOIA, an agency must undertake a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents.  *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999).  A FOIA search is sufficient "if the agency makes 'a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'"  *Baker & Hostetler LLP v. Dep't*

3

*of Com.*, 473 F.3d 312, 318 (D.C. Cir. 2006) (quoting *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995)).  This standard of reasonableness "depends, not surprisingly, on the facts of each case."  *Weisberg v. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984); *see also Steinberg v. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994); *Mobley v. CIA*, 806 F.3d 568, 580 (D.C. Cir. 2015) ("This court applies a reasonableness standard to determine whether an agency performed an adequate search.").  A search is not inadequate merely because it failed to "uncover[] every document extant."  *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *see also Oglesby v. Dep't of Army*, 920 F.2d 57, 68 n.13 (D.C. Cir. 1990) (rejecting an argument that a search was inadequate because it did not uncover "documents that [plaintiff] claims must exist"); *Jud. Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (noting that "[p]erfection is not the standard by which the reasonableness of a FOIA search is measured").  Indeed, "[t]he question is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was adequate."  *Steinberg*, 23 F.3d at 551 (emphasis in original) (quoting *Weisberg*, 745 F.2d at 1485); *see also Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (explaining that the adequacy of a search "is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search").

The agency bears the burden of showing that its search was calculated to uncover all relevant documents.  An agency may establish the adequacy of its search by submitting reasonably detailed, nonconclusory affidavits describing its efforts.  *Baker & Hostetler LLP*, 473 F.3d at 318. It is not obligated to "set forth with meticulous documentation the details of an epic search for the requested records."  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about

4

the existence and discoverability of other documents. *SafeCard Servs.*, 926 F.2d at 1200; *see also id.* at 1201 ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."). Absent contrary evidence, the agency's affidavits or declarations are sufficient to demonstrate the agency's compliance with FOIA. *See Perry*, 684 F.2d at 127.

Here, Plaintiff seeks "[a]ny OLC opinion written after January 1, 2020, that discusses whether the President of the United States (i) is a fiduciary or (ii) owes fiduciary duties." *See* Compl. ¶ 14; ECF No. 1. Even though the search result is perhaps unsatisfying for Plaintiff, the Department has met its obligations under FOIA.

OLC FOIA staff first conducted a search of all locations reasonably likely to contain potentially responsive records. *See* Kaprove Decl. ¶ 9. OLC maintains an internal database called the Document Archiving and Management System ("DAMS"), a database of completed, unclassified legal advice documents conveying advice outside of the Office or memorializing such advice already provided. The database contains formal memoranda, significant email advice, emails commenting on draft legislation, and file memoranda memorializing informal advice, as well as other miscellaneous legal advice documents prepared by OLC. OLC provides information about this database to the public on its web site, available at https://www.justice.gov/olc/olc-major-information-systems-1. *Id.* ¶ 10.

To initiate the search for records potentially responsive to plaintiff's FOIA request, OLC searched the DAMS database for several keyword combinations related to the subject matter of the request. These keywords—chosen to be overlapping and over-inclusive—included the following:

- president AND fiduciary

5

- presidential AND fiduciary

- "fiduciary duties" AND president

- "fiduciary duties" AND presidential *Id.* ¶ 14.

OLC's FOIA staff then reviewed any results from these searches for responsiveness to plaintiff's FOIA request but did not identify any responsive records. *Id.* ¶ 15. In addition to searching this database, OLC's FOIA staff typically also consults with those likely to be aware of any responsive records, including subject matter experts (if any are identified) and members of OLC's leadership responsible for supervising and assigning work within the Office, to determine whether there were any other records not identified in the database, including classified records. OLC's FOIA staff carried out this additional step, and did not identify any potentially responsive records. *Id.* ¶ 16.

Plaintiff's FOIA request speculates that these records exist because "no claim that the President is a fiduciary is pending in any court" and "no claim that the President is a fiduciary was pending in any court." See Complaint ¶¶ 22-23. The absence of such a claim, even if shown to be true, does not indicate the existence of OLC opinions that discuss whether the President of the United States is a fiduciary or owes fiduciary duties.

Accordingly, based on the facts of this case, this Court should enter summary judgment in favor of the Department because it performed a reasonable search and located no records; therefore, the Department has met its obligation under FOIA. *See SafeCard Servs.*, 926 F.2d at 1201 (observing that courts give agency declarations "a presumption of good faith" in FOIA cases).

6

## CONCLUSION

For the reasons set forth in this memorandum and the accompanying statement of facts, declarations, and exhibits, the Department respectfully requests that the Court enter judgment in its favor.

Dated: February 25, 2026

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Rashad Hussain*
RASHAD HUSSAIN, D.C. Bar # 985178
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7725
Rashad.Hussain@usdoj.gov
Attorneys for the United States

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY BATES,

*Plaintiff,*

v.

U.S. DEPARTMENT OF JUSTICE,

*Defendant.*

Civil Action No. 25-1277 (ABJ)

## DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Federal Rule of Civil Procedure 56(b) and Local Civil Rule 7(h), Defendant, U.S. Department of Justice (the "Department") respectfully submits this statement of undisputed material facts.

1.      On November 29, 2024, Plaintiff Jeremy Bates submitted to the Department's Office of Legal Counsel a FOIA request for "[a]ny OLC opinion written after January 1, 2020, that discusses whether the President of the United States (i) is a fiduciary or (ii) owes fiduciary duties." *See* Compl. ¶ 14; ECF No. 1.

2.      Defendant assigned the request tracking number FY25-061. *See* Kaprove Delc. ¶ 7.

3.      On April 25, 2025, Plaintiff filed his Complaint and Defendant answered on June 30, 2021. *See* ECF Nos. 1, 10, Complaint and Answer.

4.      Prior to informing Plaintiff that OLC did not locate any responsive records, OLC FOIA staff first conducted a search of all locations reasonably likely to contain potentially responsive records. *See* Kaprove Delc. ¶ 9.

5.      OLC maintains an internal database called the Document Archiving and Management System ("DAMS"), a database of completed, unclassified legal advice documents conveying advice outside of the office or memorializing such advice already provided. The database contains formal memoranda, significant email advice, emails commenting on draft legislation, and file memoranda memorializing informal advice, as well as other miscellaneous legal advice documents prepared by OLC. OLC provides information about this database to the public on its web site, available at https://www.justice.gov/olc/olc-major-information-systems-1. *See* Kaprove Delc. ¶ 10.

6.      OLC attorneys use the DAMS database to perform internal research in the course of their work. *Id*. ¶11.

7.      To initiate the search for records potentially responsive to Plaintiff's FOIA request, OLC searched the DAMS database for several keyword combinations related to the subject matter of  the request.  These keywords—chosen to be overlapping and over-inclusive—included the following:

- president AND fiduciary

- presidential AND fiduciary

- "fiduciary duties" AND president

- "fiduciary duties" AND presidential *Id*. ¶ 14.

8.      OLC's FOIA staff then reviewed any results from these searches for responsiveness to Plaintiff's FOIA request, and did not identify any responsive records. *Id*. ¶ 15.

9.      In addition to searching this database, OLC's FOIA staff typically also consults with those likely to be aware of any responsive records, including subject matter experts (if any are identified) and members of OLC's leadership responsible for supervising and assigning work

within the Office, to determine whether there were any other records not identified in the database, including classified records. *Id.* ¶ 16.

10.    OLC's FOIA staff carried out this step as well, and did not identify any potentially responsive records. *Id.* ¶ 16.

11.    On September 5, 2025, OLC sent Plaintiff a letter informing Plaintiff that a reasonable search was conducted, and no records were found. *Id.* ¶ 8.


Dated: February 25, 2026

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Rashad Hussain*
RASHAD HUSSAIN
D.C. Bar # 985178
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7725
Rashad.Hussain@usdoj.gov

*Attorneys for Defendant*

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY BATES,

*Plaintiff,*

v.                                    Civil Action No. 25-1277 (ABJ)

U.S. DEPARTMENT OF JUSTICE,

*Defendant*.

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's Motion for Summary Judgment, the memoranda in support thereof and in opposition thereto, and the entire record herein, it is hereby:

ORDERED that Defendant's motion is GRANTED; and it is further

ORDERED Plaintiff's Complaint is dismissed with prejudice and that summary judgment is entered in favor of Defendant.

Date_____                    _____
                                             AMY BERMAN JACKSON
                                             United States District Judge